1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

LAURIE M. JOHNSON,

                          Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                          Defendant.

Case No. 2:16-cv-01363-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

12
13
14
15
16
17
18
19
20
21

        Plaintiff has brought this matter for judicial review of defendant's denial of her

applications for disability insurance and supplemental security income (SSI) benefits. The parties

have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. §

636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below,

the Court finds that defendant's decision to deny benefits should be reversed, and that this matter

should be remanded for further administrative proceedings.

22

                        FACTUAL AND PROCEDURAL HISTORY

23
24
25
26

        On January 4, 2013, plaintiff filed an application for disability insurance and another one

for SSI benefits, alleging in both applications that she became disabled beginning August 17,

2012. Dkt. 9, Administrative Record (AR) 23. Both applications were denied on initial

administrative review and on reconsideration. *Id.* At a hearing held before an Administrative

ORDER - 1

Law Judge (ALJ), plaintiff appeared and testified, as did a lay witness and a vocational expert. AR 40-77.

In a written decision dated August 13, 2014, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR 23-34. On June 18, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner, which plaintiff then appealed in a complaint with this Court on September 2, 2016. AR 3; Dkt. 3; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred:

(1)    in evaluating the opinion evidence from Shay Martinez, M.D., James Czysz, Ph.D., Anthony Bottone, M.D., Alana Honigman, MSW, MHP, and Danette Allen;

(2)    in rejecting plaintiff's credibility;

(3)    in assessing plaintiff's residual functional capacity (RFC); and

(4)    in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in evaluating the opinion evidence from Dr. Martinez and Ms. Honigman, and therefore in  assessing plaintiff's RFC and in finding she could perform other jobs existing in significant numbers in the national economy. Remand for further administrative proceedings is thus warranted.

<u>DISCUSSION</u>

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); ORDER - 2

*see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.    The ALJ's Evaluation of the Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d

595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of*

ORDER - 4

*Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

      A.    <u>Dr. Martinez</u>

      With respect to the opinion evidence from Dr. Martinez, the ALJ found:

> In a Physical Functional Evaluation on January 17, 2013, Shay Martinez, M.D. opined that the claimant's work level is "severely limited" and she is "unable to meet the demands of sedentary work." However, it does not appear that Dr. Martinez was aware of the claimant's activities of enrolling in an academic program, achieving a 4.0 GPA in [the] past quarter, and maintaining a classroom schedule of 2 days of classes per week for 4 hours each time (hearing testimony). If the claimant's work abilities were truly as "severely limited" as opined, then she would not have been able to undertake her current activities. Moreover, the claimant was receiving unemployment benefits in the 4th quarter of 2012, which was immediately before Dr. Martinez's evaluation on January 17, 2013. When the claimant was receiving unemployment benefits, she represented that she was ready, willing and able to work. For the multiple reasons above, Dr. Martinez's opinions are accorded limited weight.

AR 30 (internal citations omitted). Plaintiff argues these reasons for giving only limited weight to Dr. Martinez's opinions are not valid. The Court agrees.

      As plaintiff points out, at the time Dr. Martinez evaluated her, she had not yet enrolled in school – in fact, she did not do so until a year later – and therefore he could not have been aware of that fact. Dkt. 11, p. 5 (citing AR 44). Defendant argues this is immaterial, because going to classes in 2014, still could be seen as undermining Dr. Martinez's opinion that plaintiff would be severely limited for at least the next 12 months. Dkt. 17, pp. 8-9 (citing AR 559). But even if this is a reasonable inference to make, the record does not clearly show plaintiff's enrollment and

ORDER - 5

progress in school is inconsistent with Dr. Martinez's assessment that she was severely limited in terms of work level, i.e., inability to meet the demands of sedentary work. AR 559.

Sedentary work generally requires the ability to sit for a total of six hours in an eight-hour workday. SSR 96-9p 1996 WL 374185, at *3. Plaintiff's testimony, however, strongly indicates she was unable to sit for long periods of time while attending classes. *See* AR 44-45. Further, as the ALJ herself notes, plaintiff was in class for only two days per week, four hours at a time. As such, the Court finds this was not a valid basis for discrediting Dr. Martinez's opinion. Nor was the ALJ's reliance on the fact that plaintiff received unemployment benefits, as the record fails to indicate whether plaintiff held herself out as being available for full-time work. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008) (stating that where the record "does not establish whether [the claimant] held himself out as available for full-time or part-time work," such a "basis for the ALJ's credibility finding is not supported by substantial evidence," as "[o]nly the former is inconsistent with his disability allegations.").

B.    Ms. Honigman

In regard to the opinion evidence from Ms. Honigman, the ALJ found:

The claimant's counselor, Alana Honigman, MSW, MHP, opined in a letter on March 10, 2014 that she did "not believe [the claimant] would be able to maintain gainful employment successfully within the next year." Ms. Honigman stated that the claimant continued to experience anxiety in spite of treatment, and had a seizure episode even though the claimant had been "clean and sober beginning on September 25, 2012." However, treatment records from Sound Mental Health present different information about the seizures. At a clinic visit on October 15, 2013, or 5 months before Ms. Honigman's letter, the claimant recalled her 6 prior seizure episodes from May to July 2012, and attributed them to her alcohol use ("h/o 6 prior seizures . . . . I believe from alcohol"). Chronic liver cirrhosis was also attributed to alcoholism. Thus, the extent of the effects of long-term alcoholism on the claimant's medical conditions is more pronounced than that opined by Ms. Honigman. Further, at the same time that Ms. Honigman opined on the claimant's inability to work, the claimant was enrolled in a community college to pursue qualifications to work as a medical assistant. Ms. Honigman's opinions are not given

ORDER - 6

considerable weight.

AR 30-31 (internal citations omitted). The Court agrees with plaintiff that the ALJ erred here as well in rejecting Ms. Honigman's opinions.

Licensed social workers are "other sources," and their opinions may be given less weight that those of "acceptable medical sources." *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996) ("acceptable medical sources" include, among others, licensed physicians and licensed or certified psychologists); *see also* 20 C.F.R. § 404.1513(d), § 416.913(d). Nevertheless, evidence from such "other sources" may be used to "show the severity" of a claimant's impairments and their effect on the claimant's ability to work. 20 C.F.R. § 404.1513(d), § 416.913(d). Given the fact that they are not acceptable medical sources, however, evidence from these "other sources" may be discounted if, as with evidence from lay witnesses in general, the ALJ "gives reasons germane to each [source] for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations omitted).

While it may be that Ms. Honigman's statement regarding the seizure episode is not itself supported by the substantial evidence in the record, as plaintiff points out Ms. Honigman had had a treatment relationship with her for more than a year at the time she offered her opinions. In addition, Ms. Honigman based her opinions concerning inability to work on plaintiff's mental health condition, and not the seizure episodes *per se*. AR 569-70. Abnormal findings referred to by Ms. Honigman in her treatment notes over time, furthermore, add support to those opinions, despite the existence of fairly normal findings as well. *See, e.g.,* AR 459, 461, 464-65, 517, 520, 522, 530, 536, 540, 545, 551, 554. The ALJ, though, did not mention Ms. Honigman's treatment notes or the findings contained therein. Lastly, plaintiff's enrollment in community college is not necessarily inconsistent with Ms. Honigman's opinions. This is so given that the record reveals

ORDER - 7

plaintiff appears to have completed only one quarter of school, and while she may have received good grades that quarter, she also had significant mental functional issues in attending classes when she was there. *See* AR 44-45. Thus, the ALJ failed to provide valid reasons for discrediting Ms. Honigman's opinions.

II.     The ALJ's Assessment of Plaintiff's RFC

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found plaintiff had the RFC:

**to perform less than the full range of light work. This individual can climb no ropes and ladders, can operate no dangerous equipment or machinery, and can work in no unprotected heights. She can work in a stable work environment without many changes to work routines or work**

ORDER - 8

**activity, and where not a lot of people or the public has access to her workplace. She can work in proximity but not in coordinated activities with her co-workers. She can have no more than superficial interaction with the public. She can engage in work activities at least at the semi-skilled level.**

AR 28 (emphasis in the original). But because as discussed above the ALJ erred in failing to properly evaluate the opinion evidence from Dr. Martinez and Ms. Honigman, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's limitations.

III.    The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 33-34. But because as discussed above the ALJ erred in

ORDER - 9

assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and thus that expert's testimony and the ALJ's reliance thereon – also cannot be said to be supported by substantial evidence or free of error.

III.    Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues remain in regard to the opinion evidence, plaintiff's RFC, and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined

ORDER - 10

1  plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and

2  this matter is REMANDED for further administrative proceedings.

3           DATED this 4th day of April, 2017.

4

5

6

7                                                  Karen L. Strombom
                                                   United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 11